[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13348

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MISAEL CEPEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cr-00146-JDW-TGW-1

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Misael Cepeda, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his *pro se* motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for reconsideration of that denial. No reversible error has been shown; we affirm.

In 2016, Cepeda pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. Cepeda was sentenced to 144 months' imprisonment.

In 2022, Cepeda moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[2] In his motion, Cepeda asserted two grounds for compassionate release. First, Cepeda said he suffers from hypertension: a condition he alleged has caused loss of eyesight and "constant blackouts." Cepeda also contended that his hypertension puts him at an increased risk of serious illness or death if he were to contract COVID-19. Second, Cepeda argued that compassionate release was warranted because Cepeda's terminally-ill father needed Cepeda to care for him. Cepeda also asserted that the 18 U.S.C. § 3553(a) sentencing factors

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

and his post-conviction rehabilitation weighed in favor of compassionate release.

The district court denied Cepeda's motion. The district court first determined that Cepeda had shown no extraordinary and compelling reason that would warrant compassionate release. The district court next determined that -- even if Cepeda could demonstrate extraordinary and compelling reasons -- the 18 U.S.C. § 3553(a) factors did not support a reduced sentence. The district court later denied Cepeda's motion for reconsideration.

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c). *See* 18 U.S.C. § 3582(c); *Giron*, 15 F.4th at 1345-46. As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment

. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). When the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

The policy statement applicable to section 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). The commentary to section 1B1.13 identifies four categories that might constitute "extraordinary and compelling reasons" warranting a reduced sentence. *See* U.S.S.G. § 1B1.13 comment. (n.1). Contrary to Cepeda's assertion on appeal, section 1B1.13's policy statement is binding on district courts. *See Bryant*, 996 F.3d at 1247.

Pertinent to this appeal, Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) suffers from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within" prison. *Id*. § 1B1.13 comment. (n.1(A)). Application Note 1(C) provides that a prisoner's "family circumstances" might constitute an "extraordinary and compelling reason" in two situations: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id*. § 1B1.13 comment. (n.1(C)).

The district court committed no error in determining that Cepeda failed to demonstrate an "extraordinary and compelling" reason within the meaning of section 1B1.13. Cepeda has not satisfied his burden of demonstrating that his hypertension currently constitutes a terminal illness. *Cf*. 18 U.S.S.G. § 1B1.13 comment. (n.1(A)(i)) (describing a terminal illness as "a serious and advanced illness with an end of life trajectory"). Nor has Cepeda offered factual allegations or documentation that would support a finding that his medical conditions have diminished substantially his ability to provide self-care while in prison. On top of this omission, Cepeda says he has completed a host of educational courses and has held a prison job in "maintenance and electrical" throughout his time in prison: activities that suggest Cepeda retains significant physical capabilities. Cepeda's purported plans upon his requested release --

acting as a primary caregiver for his father and starting a business as a tattoo artist -- also are inconsistent with a person unable to provide self-care.

The district court also determined correctly that Cepeda has shown no family circumstances that would warrant a reduced sentence. Under Application Note 1(C), a prisoner's family circumstances may constitute "extraordinary and compelling circumstances" only in two limited circumstances. Because Cepeda's father is neither the caretaker of Cepeda's minor children nor Cepeda's spouse or partner, his incapacitation is no grounds for relief under Application Note 1(C).[3]

Cepeda also contends that the district court had discretion to consider whether -- alone or in combination -- Cepeda's risk of serious illness from COVID-19, the harsh prison conditions created by COVID-19 lockdowns, his father's illness, and Cepeda's post-conviction rehabilitation constituted "other" extraordinary and compelling reasons under Application Note 1(D).[4] This argument is foreclosed by our binding precedent. *See Bryant*, 996 F.3d at 1248

---

[3] Cepeda seems to assert for the first time on appeal that his mother's medical condition supports his motion for compassionate release. Like Cepeda's father, Cepeda's mother is neither a caretaker to Cepeda's minor children nor Cepeda's spouse or partner. As a result, Cepeda's mother's health can be no "extraordinary and compelling reason" under Application Note 1(C).

[4] Application Note 1(D) reads this way: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." 18 U.S.S.G. § 1B1.13 comment. (n.1(D)).

22-13348                Opinion of the Court                7

("Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

Given the lack of an extraordinary and compelling reason that would warrant relief, we need not detail whether the section 3553(a) factors would support a reduced sentence. *See Tinker*, 14 F.4th at 1237-38, 1240. Nevertheless, we see no error in the district court's determination that the section 3553(a) factors also weighed against granting Cepeda compassionate release. The district court noted that Cepeda had two convictions for drug-trafficking offenses (one of which involved nearly 2 kilograms of methamphetamine and one of which involved over 220 kilograms of marijuana) and a conviction for illegal reentry after deportation. In the light of the seriousness of these offenses, the district court concluded reasonably that a reduced sentence would not reflect the seriousness of Cepeda's offense, promote respect for the law, provide just punishment, or provide adequate deterrence.

Because Cepeda has failed to satisfy all three of the conditions necessary to justify a reduced sentence under section 3582(c)(1)(A), the district court abused no discretion in denying Cepeda's motion for compassionate release.[5]

---

[5] We also reject Cepeda's assertion that the district court violated his due process rights by not allowing him to file a reply to the government's response to Cepeda's compassionate-release motion. Cepeda alleges no facts showing -- and nothing in the record demonstrates -- that Cepeda attempted to file a reply or that the district court otherwise prevented Cepeda from doing so.

8                          Opinion of the Court                    22-13348

AFFIRMED.